UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY WILLIAMS,

    Plaintiff,

v.                                                            CASE NO. 8:23-cv-2099-CEH-CPT

SEMINOLE HARDROCK HOTEL
& CASINO,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's "Motion to Pay" (Doc. 12), which the Court construes as a motion to reconsider the order dismissing this case under 28 U.S.C. § 1915(g) (*see* Doc. 3). Plaintiff argues she meets the "imminent-danger" exception to § 1915(g) because she suffers from depression, PTSD, and "schizobipolar." But Plaintiff's allegation that she suffers from mental illness, without more, is insufficient to meet the "imminent-danger" exception to § 1915(g). *See, e.g., Clay v. Martin*, 2023 WL 2733387, at *3 (M.D. Ga. Mar. 31, 2023) ("[E]motional or psychological injuries are not physical injuries and therefore cannot satisfy the requirements of § 1915(g).") (citing *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017) (prisoner's allegations of "deteriorating mental state" insufficient to satisfy the § 1915(g) exception because "[m]ental deterioration. . .is a psychological rather than a physical problem"); *Mathews*

1

*v. Streeit*, 2024 WL 1589499, at *2 (N.D. Fla. Mar. 21, 2024), *report and recommendation adopted*, 2024 WL 1585932 (N.D. Fla. Apr. 11, 2024) ("The [imminent-danger] exception requires a showing of specific, credible allegations of imminent-danger of serious physical harm.") (citation and internal quotation marks omitted). Accordingly, Plaintiff provides no basis for the Court to reconsider the dismissal under § 1915(g).

Plaintiff's "Motion to Pay" (Doc. 12) is therefore **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 25, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to: Plaintiff, *pro se*